IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH PERALTA, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| BRADLEY BOOHER, et al., | : | NO. 21-00672 |
| Defendants. | : | |

**MEMORANDUM**

J. Younge                                                           September 19, 2023

**I.     INTRODUCTION**

Petitioner Kenneth Peralta filed the Petition for Writ of Habeas Corpus now before the Court on February 3, 2021. (ECF No. 1.) Petitioner filed Amended Petitions on March 9, 2021, and April 9, 2021, respectively. (ECF Nos. 4 & 6.) For the reasons set forth in the following Memorandum, the Petition is Denied.

**II.    FACTUAL BACKGROUND/PROCEDURAL HISTORY**

This Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, challenges Petitioner Kenneth Peralta's 2012 Lancaster County conviction at *Commonwealth v. Peralta*, CP-36-CR-0004271-2011 (Lanc. C.C.P.). Mr. Peralta's request for habeas review is centered around his September 17, 2012, guilty plea hearing and sentencing. For purposes of this section, this Court will rely on the factual summary of that hearing provided by United States Magistrate Judge Elizabeth T. Hey for the Eastern District of Pennsylvania in her Report and Recommendation for this proceeding:

> [C]ounsel advised [the Honorable James P.] Cullen that after consultation with defense counsel, Peralta would enter an open guilty plea to the five charges. Judge Cullen engaged in a thorough colloquy of Peralta, including reviewing the elements and maximum sentences of all the offenses and the rights he was giving up by pleading guilty. With respect to sentencing, Judge Cullen explained that 'this is what we refer to as a straight or open plea of guilty,' mean[ing] there's no agreement as to the sentence,' and Peralta indicated that he understood. Peralta also stated that he understood that by pleading guilty he subjected himself to a maximum sentence of seventy-seven years' incarceration. He answered 'No' when asked if he had been 'forced, threatened or pressured in any manner to make you plead guilty.' Judge Cullen also reviewed with Peralta the written guilty plea form, and Peralta acknowledged reviewing it with his counsel. In that form, Peralta acknowledged that there was no plea agreement, that his decision to plead guilty was his own and not the result of any promises or threats, that the judge would determine the sentence, and that he could be sentenced up to the maximum on all counts, which could be imposed consecutively up to a total of seventy-seven years and 90 days.
>
> The prosecutor also read into the record the factual basis for the plea. In summary, Peralta and a codefendant planned a retail theft of a Weis Market. They were observed concealing items they picked up in the market (batteries and razor blades) and were confronted by staff and attempted to flee. Caught by one of the staff, Peralta pulled a handgun and struck the staff member repeatedly in the head and then shot the man twice. Peralta fled in a vehicle and was pursued by a witness who identified a license plate, but Peralta alluded capture and was not arrested for another ten months. Peralta agreed to this summary as the factual basis for his guilty plea.

(Report and Recommendation (hereinafter "R&R"), pp. 7-8, ECF No. 17) (citations omitted).

Following his plea hearing, Mr. Peralta was sentenced to an aggregate prison term of thirty-five to seventy years, which included twenty to forty years for attempted homicide, ten to twenty years for robbery, and five to ten years for prohibited possession of a firearm under 18 Pa. C.S.A. § 6105. (Sentencing Hearing Transcript 11/19/12 (hereinafter "Sent. Tr."), pp. 36-38, ECF No. 9-107.) Because Mr. Peralta had pled guilty to a crime of violence, during which he possessed a firearm, enhanced penalty provisions which provide mandatory minimum sentences for those underlying offenses were applicable. 42 Pa. C.S.A. §§ 9712, 9714(g).

Mr. Peralta contends that, prior to his entering an open guilty plea, he had conferred with his counsel, who advised him that he would be given a shorter sentence based on an agreement he had allegedly reached with Judge Cullen. (Amended Petition for Writ of Habeas Corpus (hereinafter "Am. Petition"), p. 13, ECF No. 6.) Mr. Peralta supports this assertion with affidavits from two prisoners who had allegedly overheard this conversation on November 19, 2012,[1] stating that Mr. Peralta's counsel strongly urged him to plead guilty and guaranteed a shorter sentence of 17 1/2 to thirty-five years. (PCRA Petition Exhibit C, ECF No. 9-44, pp. 22-23, 25-27.)

Mr. Peralta's thirty-five- to seventy-year sentence was affirmed by the Pennsylvania Superior Court on direct appeal and became final on November 30, 2013. *Com. v. Peralta*, No. 154 MDA 2013, 2013 WL 11253418 (Pa. Super. Oct. 31, 2013); *Kapral v. United States*, 166 F.2d 565, 577 (3d Cir. 1999); Pa. R.A.P. 903(a). Mr. Peralta filed a petition pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541-51 (hereinafter "PCRA") on June 16, 2014, raising numerous claims of ineffective assistance of counsel. (PCRA Petition, ECF No. 9-44.) This petition was denied on May 1, 2019. (Order Dismissing PCRA Petition, ECF No. 9-85.) The one-year statute of limitations remained tolled until October 28, 2020, thirty days after the Pennsylvania Superior Court affirmed the denial of his PCRA petition. *Com. v. Peralta*, No. 994 MDA 2019, 2020 WL 5757609 (Pa. Super. Sept. 28, 2020); *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). Mr. Peralta filed his original petition for writ of habeas corpus on February 3, 2021. (ECF No. 1.) This petition was timely filed within the one-year statute of limitations period. 28 U.S.C. § 2244(d)(1); *see* R&R, p. 4, ECF No. 17.

---

[1] It is unclear to the Court how the affiants could have overheard a pre-plea conversation between Mr. Peralta and his counsel on November 19, 2012, when the plea had been entered on September 17, 2012, and Petitioner has not offered an explanation as to this alleged timeline.

Mr. Peralta raised an ineffective assistance of counsel claim based on his counsel (1) failing to object at sentencing to an illegal sentence of five to ten years for prohibited possession of a firearm and (2) misadvising him prior to his open guilty plea that he would receive a shorter sentence, thereby making his plea involuntary and unknowing.  (Am. Petition, p. 6, ECF No. 6.) On July 17, 2023, Magistrate Judge Hey filed the aforementioned Report and Recommendation, recommending that Mr. Peralta's petition for writ of habeas corpus be denied because (1) Mr. Peralta was not sentenced to an illegal mandatory minimum sentence for the prohibited possession of a firearm and (2) Mr. Peralta knowingly entered an open plea of guilty, which was not pursuant to any alleged contrary plea agreement.  *See* ECF No. 17.  On September 15, 2023, Mr. Peralta filed his objections to the Report and Recommendation, raising three broad issues for consideration:  (a) that counsel had been deficient in advising Mr. Peralta to plead guilty without more fully developing the factual record, (b) that the trial court had wrongfully accepted Mr. Peralta's open guilty plea prior to reading the facts forming the basis of the plea into the record, making his plea involuntary and unknowing, and (c) that Mr. Peralta's conviction under 18 Pa. C.S.A. § 6105 violates the Second Amendment of the United States Constitution.  (ECF No. 22.)

**III.    LEGAL STANDARD**

Habeas review is limited and may only be granted if the state court's adjudication of the claim "resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d)(1)-(2). Factual determinations by the state court are rebuttable only by clear and convincing evidence. *Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).  The "contrary to" clause requires that the decision reached by the state court is "opposite to that

reached by [the Supreme] Court on a question of law or [that] the state court decide[d] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (200).  The "unreasonable application" clause requires that there was an "incorrect or erroneous application of clearly established federal law [that] was also unreasonable." *Werts*, 228 F.3d at 196 (citing *Williams*, 529 U.S. at 411).

Ineffective assistance of counsel claims are governed by the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  The petitioner must show that (1) counsel's performance was so deficient that counsel was not functioning as guaranteed by the Sixth Amendment and (2) counsel's deficient performance so prejudiced the defense that there is a reasonable probability that the result of the proceeding would have been different if not for the deficiency.  *Id.* at 687, 694; *Smith v. Robbins*, 528 U.S. 259, 284 (2000).  There is an objective standard of reasonableness applied in determining deficiency.  *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994).  Reasonable strategic decisions do not constitute deficiency.  *U.S. v. Williams*, 70 F. App'x 632, 634 (3d Cir. 2003).  Failure to pursue a meritless argument does not make counsel ineffective.  *Real v. Shannon*, 600 F.3d 302, 309 (3d Cir. 2010).

**IV.   DISCUSSION**

    1.   There Was No Legal Error in State Court's Finding That Petitioner Was Not Sentenced Based on an Illegal Statutory Application.

The state courts properly concluded that Mr. Peralta's five- to ten-year sentence for prohibited possession of a firearm, to run concurrently with his aggregate thirty-five- to seventy-year sentence, was not based on an application of an illegal mandatory minimum.  The Supreme Court, in *Alleyne v. United States*, held that any fact that increases the mandatory minimum of a crime, other than a prior conviction, is an element that must be submitted to the jury.  570 U.S. 99 (2013).  Magistrate Judge Hey found the five- to ten-year sentence legally sound, and *Alleyne*

inapplicable (R&R, pp. 15-16, ECF No. 17), and this Court agrees with that assessment. As Mr. Peralta's additional assertion that 18 Pa. C.S.A. § 6105 is unconstitutional had not been previously raised, the Court declines to consider it. *See Shinn v. Ramirez*, 142 S.Ct. 1718 (2022) (discussing the procedural default doctrine that prevents federal courts from hearing federal claims not previously raised in state court during habeas proceedings).

As Judge Cullen explained during the plea hearing, Mr. Peralta was only eligible for mandatory minimums for attempted homicide and robbery, not for the prohibited possession of a firearm. *See* Plea Hearing Transcript (hereinafter "Plea Tr."), p. 38, ECF No. 9-106. Furthermore, the referenced mandatory minimum sentencing provisions do not apply to the separate prohibited possession offense. *See* 42 Pa. C.S.A. § 9712. Instead, Section 9712 provides enhanced penalties for certain crimes of violence, including by establishing that there is a five-year mandatory minimum for certain underlying offenses committed with a firearm and a ten-year mandatory minimum for a second offense. *See id*; *see also* 42 Pa. C.S.A. § 9714(g) (defining crime of violence to include robbery and attempt to commit murder).

Mr. Peralta's sentences for attempted homicide and robbery well exceeded the five-year mandatory minimum and the ten-year mandatory minimum for a second offense, which would have been applicable here. (Sent. Tr., pp. 36-38, ECF No. 9-107.) As Section 9712 had no actual impact on his sentence, Petitioner cannot show that he was sentenced pursuant to a mandatory minimum, and *Alleyne* is inapplicable. As to Mr. Peralta's conviction under 18 Pa. C.S.A. § 6105 for prohibited possession of a firearm, his five- to ten-year sentence is within the sentencing guideline range. *Com. v. Peralta*, No. 994 MDA 2019, 2020 WL 5757609, at *4 (Pa. Super. Sept. 28, 2020). Because Petitioner cannot establish that his sentence was improper, the

Court cannot find clear error in denying this claim or that there was ineffective assistance of counsel in failing to object to it.

> 2. The State Court Properly Found That Petitioner Voluntarily and Knowingly Entered an Open Guilty Plea and That Petitioner Had Failed to Establish Ineffective Assistance of Counsel.

The facts of record demonstrate, and the submitted affidavits are insufficient to contradict, that Mr. Peralta voluntarily and knowingly entered an open guilty plea to crimes with maximum sentences that he understood. Mr. Peralta expressed numerous times during his guilty plea colloquy that he was making this plea with full understanding that there was no agreed-upon sentence (Plea Tr., p. 33, ECF No. 9-106), and he cannot now contradict the record by stating that he thought otherwise. The state courts' reliance on Mr. Peralta's own sworn statements was not erroneous. *See Weakley v. Moser*, No. 3:19-cv-33-SLH-KAP, 2020 WL 13846020, at *2 (W.D. Pa. Nov. 19, 2020) (finding that a defendant that admitted that he was guilty of the charge he pled guilty to and agreed with the government's factual basis "cannot successfully contradict statements made under oath at the guilty plea hearing"). Magistrate Judge Hey determined that there is no factual basis for finding that there was any plea agreement in existence on which Mr. Peralta could have been relying (R&R, p. 11, ECF No. 17), and this Court agrees with that assessment. The submitted affidavits appear to allude to a potential agreement with the prosecution, not Judge Cullen, as alleged, but Mr. Peralta remains bound by his sworn statements during his plea hearing, wherein he expressly stated that he understood that there was no agreement as to the sentence. (Plea Tr., p. 33, ECF No. 9-106.)

Mr. Peralta raised an objection to Magistrate Judge Hey's assessment of the voluntary and knowing nature of his guilty plea because he had pled guilty prior to the prosecution reading the factual basis for his plea into the record, arguing that he could not knowingly plead guilty

prior to understanding its factual basis.  (ECF No. 22, pp. 12-14.)  Mr. Peralta's argument is unpersuasive as he did, indeed, specifically plead guilty to the facts as stated by the prosecution following a thorough explanation of the charges against him by Judge Cullen.  *See* Plea Tr., ECF No. 9-106.  Mr. Peralta had reasserted multiple times that he was pleading guilty with full understanding and specifically stated that he understood that the facts as presented by the prosecution was "the factual situation to which [he's] pleading guilty and the basis for these charges."  (Plea Tr., p. 48, ECF No. 9-106.)  He is bound by that statement and cannot now attempt to argue that he did not understand the factual basis for his plea.

   After consideration of Mr. Peralta's sworn statements, the Court finds that Mr. Peralta has not presented sufficient evidence to establish that his counsel was ineffective based on their suggestion that Mr. Peralta would likely get a shorter sentence.  Where, as here, an adequate plea hearing was conducted, "we have long held that an erroneous sentencing prediction by counsel is not ineffective assistance of counsel."  *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007); *see also United States v. Mustafa*, 238 F.3d 485, 492 (3d Cir. 2001) ("[A]ny alleged misrepresentations that [defendant's] former counsel may have made regarding sentencing calculations were dispelled when [defendant] was informed in open court that there was no guarantee as to sentence, and that the court could sentence him to the maximum").

   Similarly, Mr. Peralta cannot contend that his counsel was ineffective in recommending that he plead guilty despite the potential for further factual investigation as he failed to establish that investigation into these facts would have so altered his understanding of the merits of his case that he would not have pled guilty and would have instead been successful at trial.  *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991); *see also Currin v. Cameron*, Civ. No. 14-1523, 2017 WL 1211616, at *6-7 (W.D. Pa. Apr. 3, 2017) (finding that petitioner did not

have a meritorious claim for ineffective assistance of counsel without showing how counsel's advice to plead guilty was deficient). Reasonable strategic decisions, including advice as to whether to plead, do not rise to the level of ineffective assistance of counsel. *Williams*, 70 F. App'x at 634. Therefore, the Court does not find that the Petitioner is entitled to relief on these claims.

### V.  CONCLUSION

For the foregoing reasons, Mr. Peralta's Petition for Writ of Habeas Corpus is Denied. An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**