IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH PERALTA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRADLEY BOOHER, et al.,<br><br>    Defendants. | Civil Action<br><br>No. 5:21-00672 |

**MEMORANDUM**

**J. Younge**                                                                                                   **October 25, 2023**

**I.      INTRODUCTION**

Petitioner Kenneth Peralta filed his Motion for Certificate of Appealability pursuant to 28 U.S.C. §2253 on October 16, 2023.  (ECF No. 27.)  Petitioner additionally filed his Third Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 20, 2023. (ECF No. 29.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons stated in the following Memorandum, Petitioner's Motion and Amended Petition are Denied.

**II.     FACTUAL BACKGROUND/ PROCEDURAL HISTORY**

Petitioner Kenneth Peralta's original Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, challenges his 2012 Lancaster County conviction at *Commonwealth v. Peralta*, CP-36-CR-0004271-2011 (Lanc. C.C.P.).  After making an open plea of guilty before the Honorable Judge James Cullen, Petitioner was sentenced to an aggregate prison term of thirty-five to seventy years, which included twenty to forty years for attempted homicide, ten to twenty years for robbery, and five to ten years for prohibited possession of a firearm under 18

Pa. C.S. § 6105.  (N/T 11/19/12, pp. 36-38, ECF No. 9-107.)  Because Petitioner had pled guilty to crimes of violence, during which he possessed a firearm, enhanced penalty provisions which provide mandatory minimum sentences for those underlying offenses were applicable.  42 Pa. C.S.A. §§ 9712, 9714(g).  Petitioner contends that, prior to his entering an open guilty plea, he had conferred with his counsel, who advised him that he would be given a shorter sentence based on an agreement he had allegedly reached with Judge Cullen.  (Amended Petition for Writ of Habeas Corpus (hereinafter "Am. Petition"), p. 13, ECF No. 6.)

Petitioner's thirty-five- to seventy-year sentence was affirmed by the Pennsylvania Superior Court on direct appeal and became final on November 30, 2013.  *Com. v. Peralta*, No. 154 MDA 2013, 2013 WL 11253418 (Pa. Super. Oct. 31, 2013); *Kapral v. United States*, 166 F.2d 565, 577 (3d Cir. 1999); Pa. R.A.P. 903(a).  Petitioner filed a petition pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541-51 (hereinafter "PCRA") on June 16, 2014, raising numerous claims of ineffective assistance of counsel.  (PCRA Petition, ECF No. 9-44.)  This petition was denied on May 1, 2019.  (Order Dismissing PCRA Petition, ECF No. 9-85.)  The one-year statute of limitations remained tolled until October 28, 2020, thirty days after the Pennsylvania Superior Court affirmed the denial of his PCRA petition.  *Com. v. Peralta*, No. 994 MDA 2019, 2020 WL 5757609 (Pa. Super. Sept. 28, 2020); *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000).  Petitioner filed his original petition for writ of habeas corpus on February 3, 2021.  (ECF No. 1.)  This petition had been timely filed within the one-year statute of limitations period.  28 U.S.C. § 2244(d)(1); *see also* Report & Recommendation, p. 4, ECF No. 17.

Mr. Peralta raised an ineffective assistance of counsel claim based on his attorney (1) failing to object at sentencing to an allegedly illegal sentence of five to ten years for prohibited possession of a firearm and (2) misadvising him prior to his open guilty plea that he would

receive a shorter sentence, thereby making his plea involuntary and unknowing. (Am. Petition, p. 6, ECF No. 6.) On July 17, 2023, Magistrate Judge Elizabeth Hey filed her Report and Recommendation, recommending that Mr. Peralta's petition for writ of habeas corpus be denied because (1) Mr. Peralta was not sentenced to an illegal mandatory minimum sentence for the prohibited possession of a firearm and (2) Mr. Peralta knowingly entered an open plea of guilty, which was not pursuant to any alleged contrary plea agreement. *See* ECF No. 17. On September 19, 2023, this Court denied the Petition. (ECF Nos. 23 & 24.) On October 16, 2023, Petitioner filed a Motion for Certificate of Appealability (ECF No. 27) and subsequently filed an Amended Petition for Writ of Habeas Corpus on October 20, 2023 (ECF No. 29).

### III. LEGAL STANDARD

A certificate of appealability may only be granted if the Court determines that the Petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining that a substantial showing requires that the petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"). Petitioner has raised claims for ineffective assistance of counsel, which implicates his Sixth Amendment rights as a criminal defendant. U.S. Const. amend. VI.

Ineffective assistance of counsel claims are governed by the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). The petitioner must show that (1) counsel's performance was so deficient that counsel was not functioning as guaranteed by the Sixth Amendment and (2) counsel's deficient performance so prejudiced the defense that there is a reasonable probability that the result of the proceeding would have been different if not for the deficiency. *Id.* at 687, 694; *Smith v. Robbins*, 528 U.S. 259, 284 (2000). There is an objective

standard of reasonableness applied in determining deficiency. *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). Reasonable strategic decisions do not constitute deficiency. *U.S. v. Williams*, 70 F. App'x 632, 634 (3d Cir. 2003). Failure to pursue a meritless argument does not make counsel ineffective. *Real v. Shannon*, 600 F.3d 302, 309 (3d Cir. 2010).

## IV.   DISCUSSION

Petitioner is not able to make a substantial showing that he was afforded ineffective assistance of counsel because (1) there was no basis upon which to object to his sentencing and (2) his guilty plea, including his acknowledgement of the lack of a plea agreement, was voluntarily made. As such, this Court will decline to issue a certificate of appealability for the reasons set forth below.

In his Motion, Petitioner appears to confuse two separate sentencing decisions. Petitioner contends that he was subjected to a mandatory minimum sentence for prohibited possession of a firearm in violation of 18 Pa. C.S. § 6105(a)(1),[1] and that this sentence is prohibited by *Alleyne v. United States*, 570 U.S. 99 (2013), which held that any fact that increases the mandatory minimum penalty other than the fact of a prior conviction must be submitted to the jury. This contention is not true.

A review of the full guilty plea and sentencing transcripts reveals that the five- and ten-year mandatory minimums referenced by the sentencing court were minimums that the Court could have applied to his convictions for attempted homicide and robbery pursuant to 42 Pa. C.S. §§ 9712 and 9714(g) because they were crimes of violence committed with a firearm. *See* N/T 9/17/12 at 38, ECF No. 9-106 ("[Y]ou're also subject to certain mandatory minimum sentences.

---

[1] Petitioner has been previously convicted of aggravated assault and a felony drug offense, which prohibits him from possessing a firearm under 18 Pa. C.S. § 6105(a)(1).

That is the one for visible possession of a firearm used in the commission of this crime. That would apply to the criminal attempt at homicide and to the robbery"). However, Section 9712 had no actual impact on his sentence because Petitioner was sentenced to twenty to forty years for attempted homicide and ten to twenty years for robbery, which are both in excess of the five- and ten-year mandatory minimum. (N/T 11/19/12, pp. 36-38, ECF No. 9-107.) Although mentioned in proximity to the other counts, Petitioner's five-to-ten-year sentence for prohibited possession of a firearm was unrelated to Section 9712's sentencing enhancement and was within the guideline range for that charge, which has a maximum term of imprisonment of ten years. 18 Pa. C.S. § 1103(2). As such, *Alleyne* is inapplicable to this case. Because his attorney would have had no basis upon which to object to the imposed sentence, this Court cannot find that Petitioner was afforded ineffective assistance of counsel.

Petitioner's contention that he was misadvised by his attorney that he would likely receive a lesser sentence and that, consequently, his guilty plea was involuntary is also without merit. In pleading guilty, Petitioner stated under oath that there was no agreed-upon sentence. (N/T 9/17/12, p. 33, ECF No. 9-106.) Petitioner submitted two affidavits in support of his contention that his attorney misinformed him of a secret understanding between him and Judge Cullen, both dated well after Petitioner pled guilty.[2] There, the affiants swear that Petitioner's attorney "guaranteed" a lesser sentence. (PCRA Petition Exhibit C, ECF No. 9-44, pp. 22-23, 25-27.) This is insufficient to overcome Petitioner's own statements to the contrary.

These affidavits, even if they could be taken as worthy of credence, specifically reference a plea agreement with the District Attorney, not Judge Cullen, which evidently did not come to

---

[2] It is unclear to the Court how the affiants could have overheard a pre-plea conversation between Petitioner and his counsel on November 19, 2012, when the plea had been entered on September 17, 2012, and Petitioner has not offered an explanation as to this alleged timeline.

fruition. Having no factual basis on which to find that there was any plea agreement that Petitioner could have been relying on, the Court will rest on Petitioner's own sworn statements. *See Weakley v. Moser*, No. 3:19-cv-33-SLH-KAP, 2020 WL 13846020, at *2 (W.D. Pa. Nov. 19, 2020) (finding that a defendant that admitted that he was guilty of the charge he pled guilty to "cannot successfully contradict statements made under oath at the guilty plea hearing"). Additionally, that Petitioner's attorney may have predicted a lesser sentence does not amount to ineffective assistance of counsel. *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007); *see also United States v. Mustafa*, 238 F.3d 485, 492 (3d Cir. 2001) ("[A]ny alleged misrepresentations that [defendant's] former counsel may have made regarding sentencing calculations were dispelled when [defendant] was informed in open court that there was no guarantee as to sentence, and that the court could sentence him to the maximum"). Therefore, this Court finds Petitioner's claims of ineffective assistance of counsel to be without merit.

To the extent that Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 can be construed as a Motion for Reconsideration, it is denied for the reasons stated in this Memorandum and this Court's September 19, 2023 Order. (ECF Nos. 23 & 24.) The Third Circuit "has held that the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Cohen v. Austin*, 869 F. Supp. 320, 321 (E.D. Pa. Nov. 25, 1994). The motion can only be granted if the movant demonstrates "(1) there has been an intervening change in the controlling law; (2) new evidence has become available; or (3) there is need to correct a clear error of law or fact or to prevent a manifest injustice." *Strike 3 Holdings, LLC v. Doe*, 370 F. Supp. 3d 478, 481 (E.D. Pa. 2019) (citing *Max's Seafood Café by Lou-Ann Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). As

previously outlined, the Court did not rely upon any erroneous factual conclusions or legal analysis in rendering its decision. Therefore, this Petition is Denied.

## V. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Certificate of Appealability and his Amended Petition for Writ of Habeas Corpus are Denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**